**GRANTED**

EFiled: Jun 06 2025 02:50PM EDT
Transaction ID 76413936
Case No. 2025-0499-LWW

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS DREW RUTLEDGE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 2025-0499-LWW |
| | : | |
| CLEARWAY ENERGY GROUP LLC, and CHRISTOPHER SOTOS, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| and | : | |
| | : | |
| CLEARWAY ENERGY, INC., | : | |
| | : | |
| Nominal Defendant. | : | |

### [PROPOSED] CERTIFICATION OF QUESTIONS OF LAW

WHEREAS, Plaintiff Thomas Drew Rutledge ("Plaintiff") has moved pursuant to Delaware Supreme Court Rule 41(a)(i) for an order certifying certain questions of constitutional law to the Delaware Supreme Court (the "Motion"); and

WHEREAS, the Court has considered the Motion and all arguments and papers submitted by the parties with respect to the Motion;

**IT IS HEREBY ORDERED** this ___ day of _____, 2025, as follows:

A.  The Motion is GRANTED.

B.  Pursuant to Supreme Court Rule 41 and Official Form K, the Court finds and certifies as follows:

1) The nature and state of the proceedings are: Plaintiff has filed a verified derivative complaint. Defendants have not yet answered or moved to dismiss.

2) The following facts are undisputed:

   (i) Plaintiff's plenary complaint was filed on May 6, 2025.

   (ii) Plaintiff challenges the fairness of an asset-purchase transaction (the "Transaction") that was consummated in April 2024 between Nominal Defendant Clearway Energy, Inc. ("Clearway") and Clearway's majority stockholder, Clearway Energy Group LLC ("CEG").

   (iii) The Transaction was approved by a committee of directors whom Clearway's board determined to be independent under the listing standards of the New York Stock Exchange.

   (iv) The Transaction was not approved by a stockholder vote.

3) The questions of law set forth below (the "Constitutional Questions") should be certified to the Supreme Court of the State of Delaware for the following reasons: The Constitutional Questions are of first instance in this State and relate to the constitutionality, construction or application of a statute of this State which has not been, but should be, settled by the Supreme Court.

4) The important and urgent reasons for an immediate determination by the Supreme Court of the question certified are: Answering the Constitutional Questions now will minimize uncertainty for transaction planners seeking to design transactions to take advantage of Senate Bill 21's revisions to 8 *Del.*

*C.* § 144 (the "Safe Harbor Provisions") and provide clarity for stockholders with potential fiduciary claims affected by Senate Bill 21.

5) If certification is accepted, it is recommended that Plaintiff be appellant for purposes of the caption on any filings in the Supreme Court of Delaware and that Defendants and the Nominal Defendants be appellees for purposes of the caption on any filing in the Supreme Court of Delaware with respect to the questions certified.

6) NOW, THEREFORE, IT IS ORDERED that the following questions of law are certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 41 of the Supreme Court:

a. Does Section 1 of Senate Bill 21, codified at 8 *Del. C.* § 144—eliminating the Court of Chancery's ability to award "equitable relief" or "damages" where the Safe Harbor Provisions are satisfied—violate the Delaware Constitution of 1897 by purporting to divest the Court of Chancery of its equitable jurisdiction?

b. Does Section 3 of Senate Bill 21— applying the Safe Harbor Provisions to plenary breach of fiduciary claims arising from acts or transactions that occurred before the date that Senate Bill 21 was enacted—violate the Delaware Constitution of 1897 by purporting to eliminate causes of action that had already accrued or vested?

_____
Vice Chancellor Lori W. Will

This document constitutes a ruling of the court and should be treated as such.

|  |  |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Lori W. Will |
| **File & Serve Transaction ID:** | 76352389 |
| **Current Date:** | Jun 06, 2025 |
| **Case Number:** | 2025-0499-LWW |
| **Case Name:** | Thomas Drew Rutledge v. Clearway Energy Group LLC, et al. |

**Court Authorizer Comments:**

I have reviewed the plaintiff's unopposed Motion to Certify Constitutional Questions to the Delaware Supreme Court. See Dkts. 10, 14. There is "an important and urgent reason for an immediate determination of [the posed] questions by th[e] [Supreme] Court," the Court of Chancery has not decided the questions, and no "facts material to the issue certified are in dispute." Del. Supr. Ct. R. 41(a)(i), (b).

The two certified questions concern the constitutionality of Senate Bill 21, recently codified at 8 Del. C. § 144. They pose "question[s] of law . . . of first instance in this State." Del. Supr. Ct. R. 41(b). They also "relate[] to the constitutionality, construction or application of a statute of this State which has not been, but should be, settled by the [Supreme] Court." Id.

Certification is warranted in these unique circumstances. Delaware courts, corporations, litigants, and transaction planners alike will benefit from the Supreme Court resolving the questions posed. I believe that the benefits outweigh the attendant costs.

The motion is therefore granted.

**/s/ Judge Lori W. Will**